UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CRAIG W. PADLO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant.<br>_____/ | Case No. 15-11130<br><br>SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW<br><br>MAGISTRATE JUDGE ELIZABETH A. STAFFORD |

**ORDER ADOPTING REPORT AND RECOMMENDATION [19], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14], OVERRULING PLAINTIFF'S OBJECTION [20]**

On July 15, 2016, Magistrate Judge Stafford issued a Report and Recommendation (R&R) [19], recommending that Defendant's Motion for Summary Judgment [17] be granted and Plaintiff's Motion for Summary Judgment [14] be denied. Plaintiff filed an objection [20] on July 29, 2016 and Defendant filed a response [21] on August 3, 2016. For the reasons stated below, the R&R [19] is **ADOPTED** and is entered as the findings and conclusions of the Court and Plaintiff's objection is **OVERRULED**. Defendant's Motion for Summary

1

Judgment [17] is **GRANTED** and Plaintiff's Motion for Summary Judgment [14] is **DENIED.**

## STATEMENT OF FACTS

The Magistrate Judge summarized the administrative record of Plaintiff's disability application as follows:

> Padlo was 54 years old when he submitted his application for disability benefits in July 2012, alleging a disability onset date of December 1, 2000. [R. 11-2, Tr. 12]. He later amended is alleged onset date to July 20, 2004. [*Id*.; R. 11-5, Tr. 121]. His date last insured is December 31, 2005. [R. 11-2, Tr. 12; R. 11-6, Tr. 122]. Padlo had previously worked as an automotive machinist and a shop supervisor. [R. 11-2, Tr. 20]. He claims to be disabled due to degenerative disc disease, a herniated disc, and depression. [R. 11-2, Tr. 14; 11-6, Tr. 126]. After a hearing, the ALJ determined that Padlo was not disabled. [R. 11-2, Tr. 12]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.,* Tr. 1-3]. Padlo timely filed for judicial review. [R. 1].
>
> …the ALJ concluded that Padlo was not disabled. At the first step, he found that Padlo had not engaged in substantial gainful activity from his alleged onset date to his date last insured. [R. 11-2, Tr. 14]. At the second step, he found that Padlo had the severe impairments of "degenerative disc disease of the cervical spine" and "depression." [Id.]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [Id., Tr. 14-15]. In making this determination, the ALJ found that Padlo had a mild restriction in activities of daily living, mild difficulties in social functioning, and moderate difficulties in maintaining concentration, persistence and pace. [Id., Tr. 15].
>
> After the third step, the ALJ found that Padlo had the RFC to perform "sedentary work" with the following additional limitations:
>
>> [Only] simple repetitive work instructions, no overhead lift with either hand, occasional bend, twist turn, climb, crawl, sit, squat, kneel,

> crouch or stoop; no working at heights or around moving machinery; and a sit/stand option at will that would allow him to remain on task 90% of the time.
>
> [R. 11-2, Tr. 15-16]. At step four, the ALJ found that Padlo could not perform past relevant work. [Id., Tr. 20]. With the assistance of vocational expert ("VE") testimony [see id., Tr. 45-49], the ALJ determined at step five that based on Padlo's age, education, work experience and RFC, he could perform the positions of office clerk, surveillance systems monitor, and information clerk, of which significant jobs existed in the economy. [Id., Tr. 21].

[19 at 2-5].

## STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c). Judicial review of a decision by an Administrative Law Judge ("ALJ") is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard "does not permit a selective reading of the

record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984).

## **ANALYSIS**

Plaintiff raises only one objection to the R&R. Plaintiff argues that the Magistrate erred by failing to include moderate limitations in Plaintiff's ability to maintain concentration, persistence, or pace (CPP) in the hypothetical posed to the vocational expert (VE), which limited Plaintiff to "unskilled work," or in the ultimate residual functional capacity (RFC) assessment, which limited Plaintiff to "simple repetitive work instructions." [20 at 2]. Plaintiff relies on the rulings in several cases, including *Edwards v. Barnhart*, 383 F. Supp 2d 920 (E.D. Mich. 2005) (J. Friedman), to argue that a "simple unskilled routine job" is not necessarily compatible with moderate limitations in the ability to maintain CPP and thus this description is insufficient to address these deficiencies. Plaintiff requests that the case be remanded to adequately address these limitations.

The Court agrees with the Magistrate that the RFC and hypothetical posed to the VE accurately reflect Plaintiff's moderate deficiencies of CPP. As the Magistrate points out, while *Edwards* did find that moderate CPP must be reflected in the RFC, "there is no bright-line rule requiring remand whenever an ALJ's

hypothetical includes a limitation of 'unskilled work' but excludes a moderate limitation in concentration. Rather, this Court must look at the record as a whole and determine if substantial evidence supports the ALJ's RFC." *Schalk v. Comm'r of Soc. Sec.*, No. 10-CV-13894, 2011 WL 4406824, at *11 (E.D. Mich. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4406332 (E.D. Mich. Sept. 22, 2011) (J. Edmunds).

Since the findings of the Court in *Edwards*, the Sixth Circuit has weighed in on this issue. In *Smith-Johnson v. Comm'r of Soc. Sec.* the Sixth Circuit distinguished between situations where the ALJ relied on a detailed medical opinion to limit the Plaintiff's ability to maintain CPP versus those where there are no specific limitations placed and the assessment is merely that the Plaintiff is moderately limited in maintaining CPP. 579 F. App'x 426, 436–37 (6th Cir. 2014). When an ALJ relies on a detailed medical opinion, it is necessary that the hypothetical posed reflected that specific limitation. *See e.g. Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010) (case remanded because the hypothetical did not reflect the physician's limitation that Plaintiff only had the ability to "sustain attention to complete simple repetitive tasks to '[two-hour] segments over an eight-hour day where speed was not critical'" so Plaintiff's limitations were not fully conveyed to the VE). However, where there are no

"concrete functional limitations on [Plaintiff's] ability to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks," then a limit to simple tasks adequately reflects a moderate CPP limitation. *Smith-Johnson*, 579 F. App'x at 436–37.

In this case, the moderate CPP limitations reflected the ALJ's own assessment of the evidence; no physician assessed moderate CPP deficiencies and there was no specific limitation placed by the ALJ. According to the ALJ's opinion, he assessed a moderate limitation on CPP despite noting that Plaintiff's cognitive functions were "essentially preserved" because his pain medications "could be expected to reduce concentration." [11-2 at 15].

In the RFC, the ALJ found that the Plaintiff had the "residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except simple repetitive work instructions…" [11-2 at 15]. When posing the hypothetical to the VE, the ALJ stated that Plaintiff was to be limited to "sedentary, unskilled jobs." [11-2 at 47]. As defined in 20 CFR 400.1568(a), unskilled work defined as, *inter alia*, "…work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time…a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed."

The Court agrees with the Magistrate that both the RFC assessment and the hypothetical reflect a moderate CPP limitation. Numerous courts have held that moderate CPP limitations were properly incorporated into hypothetical questions restricting claimants simply to "unskilled" and "non-production oriented" work. *See e.g., Zizzo v. Comm'r of Soc. Sec.*, No. 12–14042, 2013 U.S. Dist. LEXIS 134782, at *36, (holding that "plaintiff's moderate limitation in concentration, persistence or pace is fully accounted for in the limitation to unskilled, routine, and non-production work."); *Coleman v. Comm'r of Soc. Sec.*, No. 12–10809, 2013 U.S. Dist. LEXIS 45699, at *38 (E.D.Mich. Feb. 27, 2013) (holding that "[t]he ALJ sufficiently addressed Plaintiff's moderate concentrational limitations by restricting him to 'non-production oriented' and 'simple, unskilled work.' "). Additionally, the Sixth Circuit has equated simple, repetitive and routine tasks with unskilled work. *See Allison v. Apfel*, No. 99–4090, 2000 U.S.App. LEXIS 22689, at *14, 2000 WL 1276950 (6th Cir. Aug. 30, 2000). The case law clearly illustrates that the RFC and hypothetical posed by the ALJ to the VE reflected correctly Plaintiff's moderate CPP limitations.

The Court also agrees with the Magistrate that there is substantial evidence in the record as whole to support that the ALJ's RFC and hypothetical posed reflect Plaintiff's moderate CCP assessment. The ALJ's moderate limitation on

CPP assessment was made despite the fact that: (1) Plaintiff's treating physician's opinion that Plaintiff suffered from fatigue from the pain medication he was taking conflicted with other record evidence [*compare* 11-7 at 233 *with* 11-6 at 139; 11-7 at 217, 221]; (2) state agency psychiatrist found that Plaintiff had mild difficulties with CPP [11-3 at 54]; and (3) Plaintiff denied that he had any problems with concentration or completing tasks in his August 2012 Function report [11-6 at 137]. There is substantial evidence in the record demonstrating the ALJ considered correctly the moderate CPP limitations by finding an RFC that limited Plaintiff to "simple repetitive work instructions" and posing a hypothetical that limited Plaintiff to "unskilled labor."

   Moreover, the Plaintiff has not attempted to show or allege that greater limitations were needed. *See Berkowski v. Comm'r of Soc. Sec.*, 652 F. Supp. 2d 846, 860 (E.D. Mich. 2009) ("Conspicuously absent from Plaintiff's three page argument that the RFC and hypothetical question are 'fatally defective' is a reference to *any specific* work-related mental limitation…") (emphasis in original). Plaintiff's argument rests on an assertion that the ALJ's independent findings about his CPP limitations must be expounded on in the RFC and hypothetical. However, an ALJ is not required to include certain language when describing a limitation, and considering that the ALJ's findings are supported by substantial evidence,

8

Plaintiff's objection supported by non-binding precedent is not persuasive. *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.2001). Therefore, Plaintiff's objection is overruled. Accordingly,

**IT IS ORDERED** that the R&R [19] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [17] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [14] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Objection [20] is **OVERRULED.**

**SO ORDERED**.

                                            s/Arthur J. Tarnow
                                            Arthur J. Tarnow
Dated: August 31, 2016            Senior United States District Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2016.

                                  s/Teresa McGovern
                                  TERESA MCGOVERN
                                  Case Manager Generalist